IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EDWARD MCDONALD, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JKB-25-141 |
| ERIC ROKOSKY, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Petitioner James Edward McDonald, a federal inmate currently confined at Federal Correctional Institution-Cumberland, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking the award of jail credits, "FSA year and 3621(e) RDAP early release."[1] (ECF No. 1 at 7.) Petitioner later supplemented the petition. (ECF No. 6.) Respondent filed a motion to dismiss the petition, or in the alternative for summary judgment. (ECF No. 9.) Petitioner was advised of his opportunity to oppose the motion (ECF No. 10) but has filed nothing with the Court. Having reviewed the petition, motion, and related filings, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, the Court will grant Respondent's motion to dismiss, or in the alternative for summary judgment, and dismiss the petition for writ of habeas corpus.

I. BACKGROUND

In support of its motion, Respondent argues that Petitioner failed to exhaust his administrative remedies as required and that he has failed to set forth facts to state a claim for relief.

---

[1] The petition is accompanied by a Motion for Leave to Proceed in Forma Pauperis (ECF No. 4), which will be granted.

Petitioner is serving an aggregated 72-month term of confinement to be followed by a three-year term of supervision. (ECF No. 9-1 ¶ 5.) His full-term release date from incarceration is November 27, 2027. (*Id.* ¶ 9.) His current projected release date, via Good Conduct Time Release, is March 30, 2027. (*Id.* ¶ 13.)

The Bureau of Prisons ("BOP") determined that Petitioner was eligible to earn First Step Act ("FSA") Time Credits. (*Id.* ¶ 14.) As of May 5, 2025, Petitioner had earned 280 FSA credits. (*Id.* ¶ 15.) However, because the BOP has assessed that Petitioner has a high risk of recidivism, he is not currently eligible to have the FSA credits applied toward his pre-release or supervised release. (*Id.* ¶¶ 14–17.)

On August 3, 2023, Petitioner was determined to be ineligible for release pursuant to 18 U.S.C. § 3621(e), even if he successfully completed the Residential Drug Abuse Prevention ("RDAP") program. (*Id.* ¶¶ 18–19.) Petitioner participated in RDAP from July 22, 2024, to February 6, 2025, but he was expelled from the program on February 6, 2025. (*Id.* ¶¶ 20–21.)

Petitioner has filed three administrative remedies during his incarceration. (ECF No. 9-2 ¶ 5.) Each concerned FSA Time Credits. (*Id.* ¶ 6.) On September 10, 2024, FCI Cumberland received administrative remedy BP-9 1212203-F1. (ECF No. 9-2 ¶ 6(a).) The remedy was rejected because the BP-8 (request for informal resolution) attached to it did not request the same relief as the formal remedy request. (*Id.*) On October 7, 2024, the Mid-Atlantic Regional Office received administrative remedy number 1212203-R1. This was an appeal of the Warden's rejection of the September 10, 2024, BP-9. (*Id.* ¶ 6(c).) The request was rejected as untimely. (*Id.*) On September 11, 2024, FCI-Cumberland received administrative remedy number 1212019-F1 where Petitioner again challenged aspects of his FSA eligibility. (*Id.* ¶ 6(b).) Once more, the formal request for administrative remedy, BP-9, did not seek the same relief as the request for informal resolution, BP-8, so the request was rejected. (*Id.*)

2

Petitioner did not file any request for administrative remedy regarding his sentence computation or eligibility for RDAP programming. (*Id.* ¶ 8.)

## II.  LEGAL STANDARD

"The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with statutory provisions or [the Rules Governing Section 2254 Cases], may be applied" to habeas corpus proceedings. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 12, *Rules on Motion Attacking Sentence Under Section § 2255*; Rule 1(b), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.* (stating that § 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The Court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## III. DISCUSSION

It is well-established that a petitioner seeking judicial review of agency actions must first have exhausted available remedies within the agency prior to filing suit. *See McKart v. United States*, 395 U.S. 185, 193–95 (1969). Petitioners seeking relief under § 2241 are subject to this exhaustion requirement. *McClung v. Shearin*, 90 Fed. App'x 444, 445 (4th Cir. 2004). "Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus." *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010). "Exhaustion of administrative remedies may not be required where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Id.* (citation omitted).

The Administrative Remedy Procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within 20 calendar days of the Warden's response. *Id.* § 542.15(a). If the inmate still is not satisfied, he

4

may appeal the Regional Director's response to the BOP General Counsel. *Id.* The inmate must file this final appeal within 30 calendar days of the date that the Regional Director signed the response. *Id.* An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. *See* 42 U.S.C. § 1997e(a); *Williams v. Carvajal*, 63 F.4th 279, 285–86 (4th Cir. 2023).

Here, the record evidence demonstrates that Petitioner failed to initiate, much less complete, the administrative process as to his claims regarding his sentence computation or the RDAP program. (*See* ECF No. 9-2 ¶ 8.) Petitioner's claim regarding FSA eligibility has also not been fully exhausted because he did not appeal the Regional Director's denial to the BOP General Counsel. (*See id.* ¶ 7.) As Petitioner failed to properly and fully exhaust any of his claims, Respondent's motion must be granted and the petition dismissed. Because the petition is dismissed on exhaustion grounds, the Court does not decide Respondent's remaining arguments.

### IV. CONCLUSION

For the reasons set forth above, the Court will GRANT Respondent's motion to dismiss, or in the alternative for summary judgment (ECF No. 9). The petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. Petitioner's Motion for Leave to Proceed In Forma Pauperis (ECF No. 4) will be GRANTED. A separate Order follows.

Dated this 12 day of January, 2026.

FOR THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge